IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIE TOOLE and<br>CHRIS TOOLE,<br><br>    Plaintiffs,<br><br>vs.<br><br>MATTHEW CHUPP;<br>DON BRAMLETT and ALFA<br>INSURANCE COMPANY, et als.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:06cv652-<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANT
### ALFA MUTUAL INSURANCE COMPANY
### TO PLAINTIFFS COMPLAINT

COMES NOW Defendant Alfa Mutual Insurance Company (hereinafter "Alfa Mutual"), incorrectly named in the Complaint as Alfa Insurance Company, and responds to Plaintiffs' Complaint as follows:

1.  Alfa Mutual is informed and believes that the statements contained in Paragraph 1 of Plaintiffs' Complaint are true and correct.

2.  Alfa Mutual is informed and believes that the statements contained in Paragraph 2 of Plaintiffs' Complaint are true and correct.

3.  Alfa Mutual is informed and believes that the statements contained in Paragraph 3 of Plaintiffs' Complaint are true and correct.

4.  Alfa Mutual is informed and believes that the statements contained in Paragraph 4 of Plaintiffs' Complaint are true and correct.

5.  Alfa Mutual is an Alabama corporation licensed to sell insurance in the State of Alabama. It also conducts business by agent in Eufaula, Barbour County, Alabama. Further

Alfa Mutual issued policy A1536699 which provides Plaintiffs with uninsured/underinsured motorist coverage pursuant to the terms of the policy.

6. Paragraph 6 of Plaintiffs' Complaint does not require a response from this Defendant.

7. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT ONE

8. Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through seven of Plaintiffs' Complaint as though set forth again in full.

9. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

10. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof

11. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof

12. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof

## COUNT TWO

13. Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through twelve of the Plaintiffs' Complaint as though set forth again in full.

14. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof

## COUNT THREE

15. Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through fourteen of the Plaintiffs' Complaint as though set forth again in full.

16. Alfa Mutual admits policy number A153669 issued by it was in full force and effect on July 9, 2004, and that it provides uninsured/undersured motorist coverage pursuant to the terms of the written policy.

17. Alfa Mutual is informed and believes that an accident occurred on July 9, 2004, but denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18. Alfa Mutual is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

19. Alfa Mutual admits it was notified of the accident and that Plaintiffs notified it they may have a claim for uninsured/underinsured motorist benefits under the policy, but denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT FOUR

20. Alfa Mutual repeats and realleges its responses to each and every allegation of paragraphs one through nineteen of the Plaintiffs' Complaint as though set forth again in full.

21. Paragraph 22 of Plaintiffs' Complaint is not directed to this Defendant; however, to the extent it applies to Alfa Mutual, it denies each and every allegation contained therein and demands strict proof thereof.

22. Alfa Mutual is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint and demands strict proof thereof.

### FIRST DEFENSE

Plaintiffs' Complaint, and each and every count contained therein, fails to state a claim against Alfa Mutual upon which relief can be granted.

### SECOND DEFENSE

Alfa Mutual is not guilty of the matters and things alleged in the complaint.

### THIRD DEFENSE

Alfa Mutual denies the material allegations of the complaint and demands strict proof thereof.

### FOURTH DEFENSE

Alfa Mutual affirmatively avers that if a relevant policy of insurance was afforded herein by it for or on behalf of Plaintiffs, said policy is the best evidence of its contents and is pled herein as though copied herein in its entirety. Alfa Mutual specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

### FIFTH DEFENSE

Alfa Mutual affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiffs' claims.

## SIXTH DEFENSE

Alfa Mutual denies that it intentionally set out on a course of conduct to wrongfully deny benefits.

## SEVENTH DEFENSE

Alfa Mutual denies that it orchestrated a scheme to deprive Plaintiffs of their insurance benefits and demands strict proof thereof.

## EIGHTH DEFENSE

Alfa Mutual denies that it failed to make an objective and adequate investigation before denying Plaintiffs' claims and demands strict proof thereof.

## NINTH DEFENSE

Alfa Mutual denies that it acted willfully, fraudulently, intentionally, and in bad faith in wrongfully denying Plaintiffs' claims and demands strict proof thereof.

## TENTH DEFENSE

Alfa Mutual affirmatively denies that neither it nor any of its agents, servants or employees are guilty of any bad faith in their conduct dealing with Plaintiffs.

## ELEVENTH DEFENSE

Alfa Mutual expressly denies the existence of any error, bad judgment, or negligence in any way connected with the handling of Plaintiffs' claim and in any decision which might have been made to dispute any coverage under the insurance contract.

## TWELFTH DEFENSE

Alfa Mutual affirmatively avers that at no time has it intentionally refused to pay those portions of the claims submitted by Plaintiffs covered under the policy of insurance in existence at the time of the loss.

## THIRTEENTH DEFENSE

Alfa Mutual affirmatively avers that there exists a lawful basis upon which to refuse payment on the claims submitted by Plaintiffs.

## FOURTEENTH DEFENSE

Alfa Mutual affirmatively denies any intentional failure to perform any duty implied by law of good faith and fair dealing with Plaintiffs.

## FIFTEENTH DEFENSE

Alfa Mutual avers that the damages sought by Plaintiffs, separately and severally, are not recoverable as a matter of law.

## SIXTEENTH DEFENSE

Alfa Mutual pleads the general issue.

## SEVENTEENTH DEFENSE

The imposition of punitive damages against Alfa Mutual in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## EIGHTEENTH DEFENSE

The claims of Plaintiffs for punitive damages and/or mental anguish against Alfa Mutual cannot be sustained because an award of punitive damages and/or mental anguish under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages or damages for mental anguish that a jury may impose, would violate defendant's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### NINTEENTH DEFENSE

The claims of Plaintiffs for punitive damages and/or mental anguish against Alfa Mutual cannot be sustained, because an award of punitive damages or damages for mental anguish under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of such a damages award; (2) is not instructed on the limits on punitive damages or damages imposed by the applicable principles of deterrence, punishment and reasonableness, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages or mental anguish damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTIETH DEFENSE

The claims of Plaintiffs for punitive damages and/or mental anguish against Alfa Mutual cannot be sustained because an award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate this defendant's substantive and

procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## TWENTY-FIRST DEFENSE

Any award of punitive damages based upon anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Alfa Mutual against impermissible multiple punishment for the same wrong.

## TWENTY-SECOND DEFENSE

Any award of punitive damages in this case would violate Alfa Mutual's rights under the substantive and procedural due process clause of the United States Constitution and the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution as does Alabama's system of awarding damages for mental anguish. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip, have shown that the system is wholly

arbitrary, fundamentally unfair and utterly irrational in violation of due process. See <u>BMW of America v. Gore</u>, 116 S. Ct. 1589 (Ala. 1996). The Alabama system affords juries standardless discretion to impose unlimited punishment, and Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

### TWENTY-FOURTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of pre-existing, express legislatively established range of penalties.

### TWENTY-FIFTH DEFENSE

The imposition of a punitive damage award against Alfa Mutual in this cause in the absence of explicit, particularized guidelines or standards is highly unfair because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guideline or standards will bear no rational or reasonable relationship to this defendant's alleged conduct in this matter or to any alleged harm to Plaintiffs, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. 1, § 15.

### TWENTY-SIXTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, *Code of Alabama* regarding punitive damage awards, now declared unconstitutional by the Alabama

Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary damage awards.

### TWENTY-SEVENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to the defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### TWENTY-EIGHTH DEFENSE

An award of punitive damages, if any, in this case may not exceed $250,000.00 under *Ala. Code § 6-11-21*. In declaring this provision unconstitutional in 1993, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama. Accordingly, the Court's action was without effect and *Ala. Code § 6-11-21* should apply in this case. Alternatively, any punitive damage award in this case may not exceed those limits set forth in *Ala. Code § 6-11-21*, as amended.

### TWENTY-NINTH DEFENSE

Plaintiffs' complaint contains insufficient information to permit Alfa Mutual to raise all appropriate defenses, and discovery has yet to be completed in this case; therefore, this defendant reserves the right to amend and/or supplement this Answer with additional affirmative defenses.

_____
Courtney R. Potthoff     ASB 4565-057C

_____
Joel P. Smith, Jr.          ASB-0328-M46J

Attorneys for Defendant Alfa Mutual Insurance Companies

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
    & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-0880
Telephone (334) 687-5834
Facsimile  (334) 687-5722

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following counsel of record:

Jim S. Calton, Jr., Esq.
CALTON & CALTON
Post Office Box 895
Eufaula, Alabama 36072-0895

Randall F. Morgan, Esq.
HILL, HILL, CARTER, FRANCO, COLE
    & BLACK
Post Office Box 116
Montgomery, Alabama 36101-0116

this 21 day of July, 2006, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid.

_____
Of Counsel