IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUL 24  P 3: 47

| | |
|---|---|
| MARIE TOOLE and CHRIS TOOLE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:06cv652-VPM |
| v. ) | CASE NO. ~~2006-CV652-VPM~~ |
| ) | |
| MATTHEW CHUFF; DON BRAMLETT ) | |
| and ALFA INSURANCE COMPANY ) | |
| and fictitious defendants A-F, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS MATTHEW CHUPP AND DON BRAMLETT

COME NOW the Defendants MATTHEW CHUPP and DON BRAMLETT and herewith gives answer as follows:

### STATEMENT OF THE PARTIES

1. These Defendants admit that Plaintiff, Marie Toole, is a resident of Eufaula, Barbour County, Alabama; otherwise, they have insufficient information upon which to admit or deny the allegations of paragraph one and accordingly deny same.

2. These Defendants admit that Plaintiff, Chris Toole, is a resident of Eufaula, Barbour County, Alabama; otherwise, they have insufficient information upon which to admit or deny the allegations of paragraph two and accordingly deny same.

3. These Defendants admit Matthew Chupp resides at 10 Cape Charles Avenue, Hampton, Georgia 30228; otherwise, Defendants deny the allegations of paragraph three.

4. These Defendants admit Don Bramlett is over the age of 19 and resides in McDonough, Georgia; otherwise Defendants deny the allegations of paragraph four.

5. These Defendants have insufficient information upon which to admit or deny the allegations of paragraph five.

6. These Defendants deny the allegations of paragraph 6.

7. These Defendants admit that on or about July 9, 2004, in Eufaula, Barbour County, Alabama, Defendant Matthew Chupp was involved in an automobile accident; otherwise, these Defendants deny the allegations of paragraph 7.

## COUNT ONE

8. These Defendants adopt and reallege their responses to all paragraphs preceding in this complaint by reference as though fully set out herein.

9. These Defendants deny the allegations of paragraph nine.

10. These Defendants deny the allegations of paragraph ten.

11. These Defendants deny the allegations of paragraph eleven.

12. These Defendants deny the allegations of paragraph twelve; and deny that Plaintiff Marie Toole, is entitled to any relief.

## LOSS OF CONSORTIUM - COUNT TWO

13. In response to paragraph 13, these Defendants adopt and reallege their responses to all paragraphs preceding in this complaint by reference as if fully set out herein.

14. These Defendants deny the allegations of paragraph 14 and deny that Plaintiff Chris Toole is entitled to any relief.

## UNDERINSURED/UNINSURED MOTORIST

## COUNT THREE

15. In response to paragraph 15, these Defendants adopt and reallege their responses to paragraphs preceding in this complaint by reference as if fully set out herein.

16. These Defendants have insufficient information upon which to admit or deny the allegations of paragraph sixteen and accordingly deny same.

17. These Defendants have insufficient information upon which to admit or deny the allegations of paragraph seventten and accordingly deny same.

18. These Defendants have insufficient information upon which to admit or deny the allegations of paragraph eighteen and accordingly deny same.

19. These Defendants have insufficient information upon which to admit or deny the allegations of paragraph nineteen and accordingly deny same; and these Defendants deny plaintiff is entitled to any relief.

## NEGLIGENT ENTRUSTMENT

## COUNT FOUR

20. In response to paragraph 20, these Defendants adopt and reallege their responses to all paragraphs preceding in this complaint by reference as if fully set out herein.

21. These Defendants deny the allegations of paragraph twenty-one.

22. These Defendants deny the allegations of paragraph twenty-two and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. These Defendants deny all allegations of the Complaint not specifically admitted herein.

2. These Defendants plead the general issue.

3. These Defendants plead assumption of the risk.

4. These Defendants plead contributory negligence.

5. These Defendants plead an intervening superceding cause or effect.

6. These Defendants plead sudden emergency.

7. These Defendants plead the doctrine of last chance.

8. To the extent Plaintiffs seek punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate these Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiffs cannot recover compensatory damages for pain and suffering or punitive damages.

9. The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of

the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

    a.    It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

    b.    It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

    c.    It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

    d.    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

10. The award of discretionary compensatory damages for mental suffering to the Plaintiffs herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendants and is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

11. The award of punitive damages claimed by Plaintiffs violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of

punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

12. These Defendants avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

13. The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

14. Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on

punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg,* 114 S.Ct. 2331 (1994).

15.    To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against these Defendants, this award contravenes the Defendants' right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendants' right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

16.    With respect to the Plaintiffs' demand for punitive damages, these Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

17.    These Defendants contend Plaintiffs are not entitled to an award of punitive damages, and that an award of punitive damages against Defendants, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiffs is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

18.    The Alabama system and structure for punitive damage awards, together with the claim for punitive damages sought by Plaintiffs in this lawsuit, constitutes a

violation of the Due Process Clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiffs in this action, and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendant of due process of law.

19. These Defendants pleads the statutory cap applicable to all claims for and/or recovery of punitive damages.

20. Plaintiffs' recovery of punitive damages violates provisions of the United States and Alabama Constitution including but not limited to the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 1, 6, 10, and other provisions of the Constitution of Alabama.

21. These Defendants avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a.    <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b.    <u>Sixth Amendment to the Constitution of the United States   :</u> Punitive damages are penal and nature and, consequently, the defendants are entitled to the dame procedural safeguards accorded to criminal Defendants.

    c.    <u>Self-incrimination Clause - Fifth Amendment to the Constitution of</u>

        the United States: It violates the right against self-incrimination to impose punitive damages against the defendants that are penal and nature, yet compel the to disclose potentially incriminating documents and evidence.

    d.    <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the defendants were to inure to the benefit of any state of governmental or private entity other than the Plaintiffs, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

22.    These Defendants pleads all other available and/or affirmative defenses in bar or abatement of the claims asserted against it in the complaint.

23.    These Defendants reserves the right to supplement and/or further amend by adding thereto any additional defense which may be necessary and appropriate.

/s/ signature

_____
RANDALL MORGAN [MOR037]
Attorney for Defendants Matthew Chupp and Don Bramlett

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600
(334) 263-5969 - FAX

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has been duly served by **electronic filing** and by placing a copy of same in the **U.S. Mail**, properly addressed and first class postage prepaid this the 24th day of July, 2006 upon the following:

Jim S. Calton, Jr., Esq.
CALTON & CALTON
226 East Broad Street
P O Box 895
Eufaula, AL 36072
FAX - 334-687-3564
**www.attorneycalton.com**

Courtney R. Potthoff, Esq.
Joel P. Smith, Jr., Esq.
WILLIAMS, POTTHOFF, WILLIAMS & SMITH, LLC
125 South Orange Avenue
Eufaula, Alabama 36072

                                              */s/*
                                      OF COUNSEL