IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| MARIE TOOLE AND ) | |
| CHRIS TOOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | 2:06-CV-652-VPM |
| ALFA MUTUAL INSURANCE CO; ) | |
| MATTHEW CHUPP; ) | |
| DON BRAMLETT, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO REMAND

Comes now Marie Toole and her husband, Chris Toole and, pursuant to 28 U.S.C. § 1447(c), moves this Court to remand the above styled matter to the Circuit Court of Barbour County, Alabama. As grounds for this motion, plaintiffs state as follows:

1. On June 20, 2006, Marie Toole and her husband, Chris Toole commenced a lawsuit against the defendants by filing a complaint in the Circuit Court of Barbour County, Alabama. The following information regarding the complaint is germane to the present motion to remand.

2. The named party-defendants were/are Matthew Chupp, Don Bramlett and Alfa Mutual Insurance Company ("Alfa"). It is undisputed (a) that Alfa is an Alabama corporation, (b) that Matthew Chupp and Don Bramlett are residents of Georgia , and (c) that the plaintiffs are residents of Alabama, (d) the incident at issue occurred in Alabama, (e) possibly fictitious defendants, if any, may be from Alabama and (e) the Alabama insurance policy for coverage/protection for underinsured motorist coverage, was entered into, executed and remained enforce at the time of filing of the complaint, in Alabama.

3. Marie Toole and her husband, Chris Toole factually alleged that on or about July 9, 2004 defendant Matthew Chupp, while driving a vehicle owned by defendant Don Bramlett did negligently and/or wantonly and/or recklessly allow his vehicle to collide with the vehicle being driven by plaintiff Marie Toole which caused her to suffer substantial bodily and physical injury as well as emotional stress and mental anguish from her injuries and caused her to suffer the diminished value

of her vehicle. Plaintiff Chris Toole, husband, personally suffered damages as a result of the loss of consortium of his wife.

4. Further, plaintiffs factually alleged that Don Bramlett was guilty of negligent and/or wanton entrustment of his vehicle to defendant Matthew Chupp and that the injuries suffered by the plaintiffs were entitled to be contractually compensated under a policy of insurance for underinsured motorist protection coverage issued by defendant Alfa, an Alabama corporation, in the event the tortfesors did not have sufficient insurance liability coverage to satisfy a judgment or a settlement that would make the plaintiffs whole from the injuries they suffered. At the time of suit, the amount of underlying coverage applicable to the plaintiff's claims against the defendants had not been revealed. As to the plaintiff's causes of actions, they requested an unspecified amount for compensatory damages and punitive damages.

5. On July 21, 2006, the defendants joined in together in support of and filed a disingenuous and demonstratively baseless notice of removal. As to this motion to remand, the following aspects are pertinent to show that the claim of diversity is suspect and a finding of federal jurisdiction is not warranted:

    a.    Defendants only specifically asserted diversity jurisdiction as this Court's sole source of federal subject matter jurisdiction. Defendants failed to demonstrate the presence of any claim or right arising under the Constitution, treaties, or laws of the United States. Noticeably absent from the defendant's pleadings is their statutory authority, case citation or precedence from Alabama or relevant Federal courts establishing one iota of support for its proposition that the plaintiff's claims should be removed from State to Federal court. The defendants argue that defendant Alfa, who still remains a party although they are no longer named in the lawsuit, somehow does not matter for the purpose of diversity jurisdiction because defendant Alfa exercised its right to strategically opt out of the normal course of defense. However, Alfa does concede to verdict or settlement should one be reached. Regardless of their procedural strategy, defendant Alfa still remains a party to this action.

    b.    The defendant's insincere motion to remand does not assert that complete diversity exists between plaintiffs and defendants because any defendant was fraudulently joined in this action. Simply, the defendants argue that now that defendant Alfa opted out

of defending itself and since the case must be worth more than the federal jurisdiction amount in controversy, then there is federal subject matter jurisdiction. "Defendants...submit the amount in controversy, exclusive of interest and cost, is in excess of $75,000." *Motion to Remove.* Plaintiffs contend that the liability of the tortfesor defendants is clear, and no recognizable legitimate defense exists as to why they caused the plaintiff's injuries. If each and all of the defendants are now sincerely conceding that the plaintiff's claims are valued at more than $75,000, then the plaintiffs are willing to entertain offers from the defendants to settle their claim in excess of this Court's jurisdictional amount. However, the plaintiffs genuinely doubt that will be the defendants tune. As to satisfying the amount-in-controversy threshold requirement, the defendants merely state, without evidence or supporting authority, that if the allegations in the Complaint are proven, the amount in controversy requirement of $75,000.00 will be satisfied. Unfortunately for the defendants, that is not the law and even if the case is valued at more than $75,000, complete diversity of the parties can not be established.

Pursuant to Rule 18(a) of the Alabama Rules of Civil Procedure, a plaintiff "asserting a claim to relief as an original claim … may join, either as independent or as alternate claims, as many claims either legal or equitable, or both, as the party has against an opposing party." Additionally, Rule 17(a), 18(a) and 19 of the Federal Rules of Civil Procedure authorize and support a remand. In Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), the Elevent Ciruit held that "A conclusory allegation in the notice of removal that the jurisdiction amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Further for the Court's consideration, mere citation to what occurred in earlier lawsuits will not satisfy the defendant's burden. Federated Mutual Ins. Co. v. McKinnon Motors, LLC., 329 F.3d 805, 809 (11th Cir. 2003). In its notice of removal, the defendants made an assertion that the amount in controversy "clearly exceeds" $75,000 but failed to set forth the essential underlying facts to support its assertion. The defendants have failed to proffer the evidentiary materials or any persuasive authority necessary to meet its burden.

GENERAL LEGAL PRINCIPLES

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994).

Removal statutes must be strictly construed because Congressional intent in enacting removal legislation was to restrict removal jurisdiction. Shamrock Oil & Gas Corp. v. Streets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 2d 1214 (1921); Lane v. Champion Internat'l Corp., 827 F. Supp. 701, 705 (S.D. Ala. 1993).

Because federal removal jurisdiction is very limited, the remanding of a removed case is favored where the existence of federal subject-matter jurisdiction is not absolutely clear. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Klempner v. Northwestern Mut. Ins. Co., 196 F. Supp. 2d 1223, 1237 (S.D. Fla. 2001).

The removing party bears the burden of demonstrating the existence of federal removal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S. Ct. 35, 660 L. Ed. 144 (1921); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). The removing party has the burden of proving any asserted fraudulent joinder. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In determining whether a colorable claim is asserted against a non-diverse defendant, the federal court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "[I]f there is even a possibility that [a] state court would find that the complaint states a cause of action against any ... resident defendant, [a court must] find joinder was proper and remand [the] case to state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

The Eleventh Circuit continued:

> In terms of this circuit's law, the main point for us is this one: For a plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by

that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved. 113 F.3d at 1541-42.

The defendants have the burden of proving that the amount in controversy is $75,000 or more. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). As stated in Williams:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. We reiterate that the burden of proving jurisdiction lies with the removing defendant. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. 269 F.3d at 1319-20.

In Sierminski v. TransSouth Financial Corp., 216 F.3d 945 (11th Cir. 2000), the Eleventh Circuit indicated that, if the plaintiff does not claim damages in excess of the jurisdictional threshold amount and if the defendant proffers "no facts whatsoever" to demonstrate that the jurisdictional amount is satisfied, the defendant fails to meet its "burden on removal of proving that the amount in controversy requirement is satisfied." 216 F.3d at 948 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997)).

In Pensinger v. State Farm Fire & Cas. Co., 347 F. Supp. 2d 1101 (M.D. Ala. 2003), in addition to finding that State Farm failed to show that an insurance agent had been fraudulently joined, the court found that State Farm failed to establish that the plaintiffs' claims exceeded the threshold jurisdictional amount. In their complaint, the Pensingers sought an undermined amount in

damages.  In its notice of removal, State Farm asserted that the amount-in-controversy requirement was meant because, "at paragraph of the Complaint[,] Plaintiffs aver their home was 'heavily damaged' by a water leak in and subsequently allegedly suffered 'heavy water damage'" and because "it is clear that Plaintiffs are seeking benefits under their policy of insurance which contains [a] policy limit[ ] of $79,220."  347 F. Supp. 2d at 1108.  The court wrote:

> "There is no specific evidence upon which the Court can conclude that the plaintiffs' damage actually exceeds $75,000.  The Court cannot infer from the plaintiffs' allegation that their home was "heavily damaged" that the cost to repair it will exceed $75,000.  Nor is there an evidentiary or other logical basis for inferring that the policy limits are conclusive of the amount of damage.  Thus, the defendants' conclusion that the jurisdictional threshold is met is unsupported by their submission or the present record in this case.  Conjecture that "an amount in controversy could possibly be met" is not the equivalent of demonstrating by a preponderance of the evidence that it will be met.  The plaintiffs are still the master of their complaint, and the court will not substitute its judgment regarding the amount of damages that they have incurred.  Accordingly, the defendants have not met their burden of proving that the amount in controversy exceeds the jurisdictional amount."

Finally, the defendants have made no showing as to the amount of punitive damages which either plaintiff might expect to recover.  Federated Mutual Insurance Co. V. McKinnon Motors, LLC., 329 F. 3D 805, 809 (11th Cir. 2003).  Again, the Eleventh Circuit Court held that past punitive damages awards in other cases are not sufficient proof of jurisdictional amount under the preponderance of the evidence test.

WHEREFORE, the plaintiffs respectfully move this Honorable Court to remand this matter to the Circuit Court of Barbour County, Alabama since the District Court lacks subject matter jurisdiction due to there being no colorable dispute as to diversity of citizenship and/or since the amount in controversy does not exceed the jurisdictional limits.  28 U.S.C. sec. 1447(c).

    (s) Jim S. Calton, Jr.  
    Jim S. Calton, Jr.  
226 East Broad Street  
P.O. Box 895  
Eufaula, AL 36072-0895  
(334) 687-3563  

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by placing same in the U.S.mail, postage paid August 4, 2006 and properly addressed and electronically emailed to.

Randall C. Morgan, Esq.  
HILL, HILL, CARTER  
PO Box 116  
Montgomery, Alabama 36101  
rmorgan@hillhillcarter.com  

Courtney R. Potthoff, Esq.  
WILLIAMS, POTTHOFF  
PO Box 880  
Eufaula, Alabama 36027  
copotthoff@mindspring.com  

This the   4   day of August, 2006.      (s) Jim S. Calton, Jr.  
                                                                OF COUNSEL