IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIE TOOLE and CHRIS TOOLE, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: 2:06-CV-652-VPM |
| | ) |
| ALFA MUTUAL INSURANCE CO., | ) |
| MATTHEW CHUPP, and | ) |
| DON BRAMLETT, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendants, Matthew Chupp and Don Bramlett ("Defendants"), respectfully submit this response in opposition to Plaintiffs' Motion to Remand:

**I.  ARGUMENT**

28 U.S.C. § 1441 (a) (2002) provides for the following:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

[. . .]

Further, "[w]here the parties are diverse and the amount in controversy is sufficient[1], a defendant has the statutory right to remove an action from state court to federal court." Pinckard Vault & Marble Works v. King Lifts, Inc., 53 F.Supp.2d 1263 (M.D.

---

[1] 28 U.S.C. § 1332 (a) (2002) provides that district courts have original jurisdiction in actions wherein the amount in controversy exceeds $75,000 and is between citizens of different States.

Ala. 1999). Defendants submit to this Honorable Court that Plaintiffs' Motion to Remand is due to be denied because (1) the parties are of diverse citizenship and (2) the amount in controversy exceeds $75,000.

> A. **THE PARTIES TO THIS ACTION ARE CITIZENS OF DIFFERENT STATES THEREBY SATISFYING BOTH DIVERSITY OF CITIZENSHIP AND THE FIRST PRONG OF REMOVAL UNDER PINCKARD**

The gist of Plaintiff's argument is that since Alfa Mutual Insurance Co. ("Alfa") is sued on an Uninsured/Underinsured Motorist claim and is an Alabama corporation there is no diversity. Defendants submit, however, the citizenship of Alfa is to be disregarded. Moreover, Alfa has exercised its right to opt out of the litigation. "Federal courts have jurisdiction over controversies between 'Citizens of different States' by virtue of 28 U.S.C. § 1332 (a) (1). . ." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 459 (1980). "[C]itizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial. (Citations omitted) [A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n, 446 U.S. 458, 460. Further, "[f]or purposes of removal, [a] court does not consider citizenship of fictitious defendants in assessing complete diversity." Davis ex rel. Estate of Davis v. General Motors Corp., 353 F.Supp.2d 1203 (M.D. Ala. 2005).

It is undisputed that the real parties to this action are Plaintiffs Marie and Chris Toole, citizens of the State of Alabama, and Defendants Matthew Chupp and Don Bramlett, citizens of the State of Georgia. The citizenship of the fictitious parties

named by Plaintiff is ignored for purposes of diversity jurisdiction. See supra. The question before this Honorable Court is whether the citizenship of Alfa, the uninsured motorist carrier in this action, is relevant for a determination of diversity jurisdiction. Defendants submit to this Honorable Court that the citizenship of Alfa should be ignored for purposes of removal. See, Broyles v. Bayless, 878 F.2d 1400 (11th Cir. 1989).

The 11th Circuit negatively answered the above question in Broyles . The facts of Broyles are as follows: a Tennessee Plaintiff was rear-ended by a Georgia Defendant. 878 F.2d 1400, 1401. The Tennessee Plaintiff filed suit against the Georgia Defendant, as well as filing "a claim for underinsured motorist benefits with his underinsured motorist carrier. . ." Id. at 1401. The underinsured motorist carrier, a Tennessee Corporation known as Tennessee Farmers, filed a motion to dismiss "alleging that no diversity existed between [them] and the plaintiffs. . ." Id. at 1401. The Court held that "[while the underinsured motorist carrier] has a financial stake in the litigation, it is not a real party in interest for purposes of determining diversity. " Id. at 1405. Further, the Court stated that the underinsured motorist carrier was removed from direct liability in the action because, among other things, "before liability may be imposed on Tennessee Farmers the issues of coverage must be litigated." Id. at 1405.

Alabama law is similar to that of the relevant Tennessee law of which the opinion of Broyles is based. Alabama law provides that for a plaintiff to "demonstrate that [it is] 'legally entitled to recover' damages under [his or her insurance] policy, [he or she] 'must be able to establish fault on the part of the uninsured motorist, which

gives rise to damages and must be able to prove the extent of those damages'." Ex parte State Farm Mutual Automobile Insurance Co., 893 So.2d 1111 (Ala. 2004). In order for the Tooles to recover in this action, the liability of the alleged tortfeasors, Matthew Chupp and Don Bramlett, must be adjudicated. See also Sparks v. City of Florence, 2006 WL 1041036, at * (Ala. Feb. 10, 2006) (for the proposition that the liability of an uninsured motorist carrier depends on the adjudication of the liability of the uninsured motorist). Just as the underinsured motorist carrier in Broyles was removed from the action by way of the prerequisite that coverage be litigated before liability attaches, Alfa should be removed from this action by way that the liability of the alleged tortfeasors must be established before the carrier has liability for any claim submitted to it by the Tooles. Further, "the essential nature of the present proceeding is an action in tort between diverse citizens for the recovery of injuries sustained in an automobile accident. The essential effect of the lawsuit is to adjudicate the liability of [Alfa]. If [the Defendants] successfully defend [themselves], [Alfa] will escape any financial obligation to [the Tooles]." Broyles, 878 F.2d 1400, 1406 (where the Court employed the language cited as to its conclusion as to why Tennessee Farmers is a nominal party whose citizenship is irrelevant to a determination of jurisdiction). This Court should hold, by reliance on Broyles, that Alfa is a mere nominal party and its citizenship should be disregarded for the purpose of determining jurisdiction of the parties to this action in a Motion for Remand.

  Additionally, Alfa has removed itself from this suit by exercising its right to opt out. Alfa's option out of this litigation strongly supports the determination that Alfa

is merely a nominal party. As the court in <u>Broyles</u> stated: "Because of the indirect and invisible roles often played by insurance companies in tort litigation, courts generally do not recognize these companies as real parties to an action unless they have (1) become subrogated to the rights of their insured after payment of the loss, (2) they are defending actions brought directly against them, or (3) when, for some reason, they must assume primary and visible control of the litigation." 878 F.2d 1400, 1403. The first exception is left unfulfilled because Alfa is not subrogated to any rights of the insured because a determination of whether liability exists has yet to be adjudicated by this Court. The second exception is left unfilled because this action is not one wherein an insured has sued his or an insurance company for issues relating to coverage or payment nor is this a direct action against the insurer as contemplated by 28 U.S.C. § 1332 (c) (2002). See <u>Broyles</u>, 878 F.2d 1400, 1403. The third exception is left unfulfilled because Alfa has elected to opt out of this litigation and, as a result of such decision, has no primary control over this litigation. This Court, because Alfa is not a subrogee of the rights of the insured, is not directly sued for any wrong or omission on its part, nor has any control over this litigation, should determine that Alfa is a nominal party for purposes of jurisdiction.

  **B. THE AMOUNT IN CONTROVERSY IN THIS ACTION EXCEEDS $75,000 THEREBY SATISFYING DIVERSITY JURISDICTION AND THE SECOND PRONG OF <u>PINCKARD</u>[2]**

---

[2] Defendants note that at no time in their Brief do Plaintiffs admit their claim is for <u>less</u> than the jurisdictional amount nor that they will accept no more than that amount if a greater verdict is obtained.

To properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, excluding interest and costs. See 28 U.S.C. § 1332 (a) (2002). "Where a plaintiff has made an unspecified demand for damages in state court, a defendant removing the action on diversity grounds must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional limit." Alexander v. Captain D's, LLC, No. CIV.A.2:05cv797-MHT, 2006 WL 1765902, at *1 (M.D. Ala. June 14, 2006). "When a case is removed on diversity grounds, but the complaint does not claim a specific amount of damages and the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Alexander, 2006 WL 1765902, at *1. "The defendant need only show 'that the amount in controversy more likely than not exceeds the jurisdictional amount.'" Fowler v. Provident Life and Accident Ins. Co., 256 F.Supp.2d 1243 (N.D. Ala. 2003) (citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996) (overruled on other grounds)).

Plaintiffs have not alleged a definitive amount of damages on the face of their complaint. Both Plaintiffs do claim compensatory and punitive damages. Plaintiff Marie Toole alleges she suffered an injury to her rotator cuff requiring surgery and which may require additional surgery. She alleges she has endured pain and suffering and will experience "lifelong" pain and suffering in the future. She makes a claim for damage to her vehicle. In addition to the allegations noted in the Complaint, Plaintiffs allege the following in the Motion to Remand:

> [O]n or about July 9, 2004 defendant Matthew Chupp, while driving a vehicle owned by Don Bramlett, did negligently and / or wantonly and / or recklessly allow his vehicle to collide with the vehicle being driven by Plaintiff Marie Toole which caused her to suffer ***substantial bodily and physical injury*** as well as ***emotional stress and mental anguish*** from her injuries and caused her to ***suffer the diminished value of her vehicle***. Plaintiff Chris Toole, husband, personally suffered damages as a result of the ***loss of consortium*** of his wife.

Plaintiffs' Motion to Remand at ¶ 3 (emphasis added). Plaintiffs also allege a count against Bramlett for negligent entrustment of the vehicle to Chupp.

Plaintiffs further assert a claim for Uninsured/Underinsured Motorist coverage. Plaintiffs allege Defendants are either "uninsured or underinsured". See, Plaintiffs' Complaint at ¶ 18. With the removal petition, these Defendants submitted the declaration sheet of their coverage with Nationwide. It is a 100/300 policy for bodily injury and $50,000.00 property damage. By alleging these Defendants are "undersinsured" when insured for $100,000.00 per bodily injury Plaintiffs admit their claims exceed the jurisdictional amount of this Court.

Further, Defendants submit the following cases with similar facts to Plaintiffs' claim; all cited cases received verdicts in excess of $75,000 wherein a jury believed the testimony of the Plaintiff(s): Beckham v. Griffin, 1985 WL 285496 (Ala. Cir. Ct.) (where a jury in Barbour county awarded $400,000 where Plaintiff hurt his foot and had to remain in a "boot" when his vehicle was hit by Defendant's vehicle); Horne v. McCall, 1994 WL 180719 (Ala. Cir. Ct.) (where a jury in Lowndes County in March of 1994 returned a verdict of $300,000 for a Plaintiff who suffered substantial bodily and physical injury, including a bulging disc, when her vehicle was struck by an uninsured Defendant's vehicle; additionally, the verdict included Plaintiff's husband's claimed

loss of consortium of his wife); Bailey v. Fitzgerald Jones, 2003 WL 24047658 (where a jury in Mobile county returned a verdict for $200,000 for a Plaintiff who suffered substantial bodily and physical injury resulting in an "aggravation of cervical bone spur" when her vehicle was struck by an uninsured Defendant's vehicle); Don Meadows et al v. Stephen Martin et al, 2001 WL 34780441 (Ala. Cir. Ct.) (where a jury in Baldwin county returned a verdict for 6.250 million dollars for 4 Plaintiffs whose vehicle was struck by a vehicle driven by Defendant where all 4 of the Plaintiffs suffered substantial bodily and physical injury; further, the Plaintiffs alleged negligent entrustment of the vehicle operated by one of the Defendants and one Plaintiff alleged loss of consortium); Wallace v. Leerasiri et al, 1999 WL 1333640 (where a jury in Baldwin County returned a verdict for $555,000 in compensatory damages and $150,000 in loss of consortium where Plaintiff suffered bodily injury and emotional distress when her vehicle was hit by Defendant). Each and every plaintiff in the above cited cases were dealt substantial bodily and physical injury vis-a-vis an automobile accident. Plaintiffs likewise submit to this Honorable Court that they were dealt substantial bodily and physical injury vis-a-vis an automobile accident.

This Court should find that the amount in controversy exceeds $75,000.00 because (1) the inclusion of the "underinsured" motorist claim coupled with the policy limits of $100,000.00 and (2) verdicts in the representative cases in light of Plaintiffs' allegations as to both injury and loss of consortium.

### III. PLAINTIFF CHRIS TOOLE'S CONSORTIUM CLAIM

Plaintiffs do not raise in their Motion to Remand any issue related to the

consortium claim and obviously have conceded that it is not a ground requiring remand. To the extent it is an issue Defendants submit either Plaintiff or Chris Toole's claims exceeds the jurisdictional amount as demonstrated above; but if not, this Court has supplemental pendant party jurisdiction. See <u>Monroe v. Brown</u>, 256 F.Supp.2d 1292 (M.D. Ala. 2003).

## **CONCLUSION**

For the above reasons, Defendants submit that Plaintiffs' Motion to Remand is due to be denied, and, this Court should retain jurisdiction of this case.


*/s/ Randall Morgan*
RANDALL MORGAN  (MOR037)
Attorney for Named Defendants

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
 COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone: (334) 834-7600
Facsimile: (334) 832-7419
Email: rmorgan@hillhillcarter.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of August 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jim S. Calton, Jr., Esq.
226 East Broad Street
Post Office Box 895
Eufaula, Alabama 36072-0895
caltonlaw@eufaula.rr.com


Courtney R. Potthoff, Esq.
Williams, Potthoff, Williams & Smith
Post Office Box 880
Eufaula , AL 36072-0880
cpotthoff@mindspring.com


                                                    */s/ Randall Morgan*
                                                    OF COUNSEL